UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMESH HEENDENIYA,

                                            Plaintiff,

v.                                                         5:15-CV-1238
                                                          (GTS/TWD)

ST. JOSEPH'S HOSP. HEALTH CTR. (SJHHC); ROGER GARY
LEVINE, MD; LISA MARIE O'CONNOR, MD; GEORGE E.
TREMITI, MD; HORATIUS ROMAN, MD; JOANNE MARY
FRENCH, RN; WENDY BRISCOE, RN; SUSAN LYNN CATE,
LMFT; ROSALINE SPUNELKA, RN; ROBERT MICHAEL
CONSTANTINE, MD; MITCHELL BRUCE FELDMAN, MD;
CYNTHIA A. RYBAK, NP; KATHRYN HOWE RUSCITTO,
President and CEO of SJHHC; LOWELL A. SEIFTER, JD, Senior VP
and Gen. Counsel of SJHHC; MEREDITH PRICE, VP of Fin. Servs.
and CFO of SJHHC; DEBORAH WELCH, VP for People at SJHHC;
GAEL GILBERT, RN and Dir. of SJHHC's Psychiatric Ward; SJHHC
DOES 1-5, Inclusive;NEW YORK STATE OFFICE OF MENTAL
HEALTH (OMH); ANN MARIE T. SULLIVAN, M.D., Comm'r of
OMH; JOSHUA BENJAMIN PEPPER, ESQ., Deputy Comm'r and
Counsel; NEW YORK STATE DIV. OF CRIM. JUSTICE SERVS.
(DCJS); MICHAEL C. GREEN, Exec. Deputy Comm'r of DCJS; ERIC
T. SCHNEIDERMAN, ESQ., New York State Atty. Gen.; U.S. DEP'T
OF JUSTICE; LORETTA E. LYNCH, Atty. Gen. of the United States;
FED. BUR. OF INVESTIGATION (FBI); JAMES B. COMEY, JR., Dir.
of the FBI; BUREAU OF ALCOHOL, TOBACCO, FIREARMS and
EXPLOSIVES (ATF); THOMAS E. BRANDON, Dir. of the ATF;
NAT'L INSTANT BACKGROUND CHECK SYS. (NICS); UNITED
STATES OF AMERICA; REGINA LOMBARDO, Special Agent in
Charge (SAC) of ATF's Tampa, FL Office; PAUL WYSOPAL, Special
Agent in Charge (SAC) of FBI's Tampa Office; and FED. DOES 1-5,

                                            Defendants.
_____

APPEARANCES:

UMESH HEENDENIYA
  Plaintiff, *Pro Se*
P.O. Box 5104
Spring Hill, Florida 34611

GLENN T. SUDDABY, Chief United States District Judge

# DECISION and ORDER

Currently before the Court, in this *pro se* action filed by Umesh Heendeniya ("Plaintiff") against the forty-three above-captioned entities and individuals ("Defendants") pursuant to, *inter alia*, 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*") arising out of 18 U.S.C. § 922(g)(4)'s alleged prohibition on Plaintiff's ability to receive a firearm shipped in interstate or foreign commerce as a result of his involuntary commitment to a psychiatric ward, are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed (in part with prejudice and in part without prejudice) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); (2) Plaintiff's motion for reconsideration of the Report-Recommendation; (3) Plaintiff's Objections to the Report-Recommendation; (4) Plaintiff's motion to amend his Objections to the Report-Recommendation; (5) Plaintiff's motion to enlarge the time for service of process; (6) Plaintiff's first motion to amend his Complaint; (7) Plaintiff's motion to withdraw his first motion to amend his Complaint; and (8) Plaintiff's second motion to amend his Complaint. (Dkt. Nos. 6, 13, 14, 15, 16, 17, 18, 19.)

For the reasons set forth below, Plaintiff's motion for reconsideration of the Report-Recommendation is denied; Plaintiff's motion to amend his Objections to the Report-Recommendation is granted; Plaintiff's Objections to the Report-Recommendation are rejected; Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety; the claims asserted in Plaintiff's Complaint are either dismissed with prejudice or conditionally dismissed as explained below in this Decision and Order; Plaintiff's motion to enlarge the time

for service of process is denied without prejudice to renewal before Magistrate Judg Dancks after she has determined whether he has, in his Amended Complaint, corrected the pleading defects identified in her Report-Recommendation; Plaintiff's motion to withdraw his first motion to amend his Complaint is granted; Plaintiff's first motion to amend his Complaint is deemed withdrawn; and Plaintiff's second motion to amend his Complaint is denied without prejudice.

I.  **RELEVANT BACKGROUND**

   A.  **Magistrate Judge Dancks' Report-Recommendation**

Because this Decision and Order is primarily intended for the review of the parties, the Court will assume the reader's familiarity with the specifics of Magistrate Judge Danck's Report-Recommendation, including which entities and individuals constitute each of the three groups of Defendants in this action: (1) the St. Joseph's Defendants, (2) the New York State Defendants,

and (3) the Federal Defendants.

Generally, in her Report-Recommendation, Magistrate Judge Dancks determined that Plaintiff's Complaint should be *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). More specifically, Magistrate Judge Dancks made the following ten recommendations: (1) that Plaintiff's § 1983 claims against the St. Joseph's Defendants be dismissed ***with prejudice*** for failure to state a claim; (2) that Plaintiff's state law claims against the St. Joseph's Defendants be dismissed ***without prejudice*** for lack of subject-matter jurisdiction;[1] (3) that Plaintiff's § 1983 claims against the New York State Defendants be

---

[1] The Court construes the Report-Recommendation's recommendation of a dismissal of certain claims without prejudice to refiling in this Court to mean a *conditional* dismissal of those claims with prejudice, i.e., a dismissal of those claims with prejudice if the defects identified in them are not corrected in an Amended Claims filed in this Court during the pendency of this action. The Court so construes the Report-Recommendation because the dismissal of the Complaint in its entirety before the filing of an Amended Complaint would deprive the Court of jurisdiction to consider the Amended Complaint; similarly, the dismissal of any portion of the Complaint without prejudice to refiling in another action in this Court would unnecessarily duplicate this action.

dismissed *with prejudice* for failure to state a claim; (4) that Plaintiff's state law tort claims seeking money damages against the New York State Defendants be dismissed *with prejudice* based on the Eleventh Amendment; (5) that Plaintiff's *Bivens* claims against the Federal Defendant in their official capacities be dismissed *with prejudice* based on sovereign immunity; (6) that Plaintiff's *Bivens* claims against Defendants Lombardo and Wysopal in their individual capacities be dismissed *without prejudice* for failure to state a claim; (7) that Plaintiff's claim for a declaratory judgment against all Federal Defendants regarding 18 U.S.C. § 922(g)(4) (e.g., that the statute violates his rights under the Second and Fifth Amendments and that the statute does not apply to involuntary commitments under N.Y. Mental Hygiene Law § 9.27) be dismissed *with prejudice* for failure to state a claim; (8) that Plaintiff's state law tort claims against the federal agency Defendants and the individual Federal Defendants (except for Defendants Lombardo and Wysopal) sued in their official capacities be dismissed *with prejudice*; (9) that Plaintiff's state law tort claims against Defendants Lombardo and Wysopal be dismissed *without prejudice* for lack of subject-matter jurisdiction; and (10) that Plaintiff's state law tort claims against the United States be dismissed *without prejudice* for failure to exhaust his administrative remedies under the FTCA. (Dkt. No. 6, at Part IV.)

  **B.**   **Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections (and Amended Objections), Plaintiff argues that the Court should reject the Report-Recommendation for 16 reasons:[2] (1) Magistrate Judge Dancks erred in finding that Plaintiff's state law claims against the St. Joseph's Defendants should be dismissed

---

[2] The Court has combined Plaintiff's third and eighth challenges, which it finds are largely redundant of each other.

without prejudice, because (a) those claims are legally sufficient and (b) dismissing them without prejudice would effectively preclude him from refiling them due to the governing statute of limitations; (2) despite that Plaintiff nowhere alleged that he had been involuntarily *committed* (but *admitted*), Magistrate Judge Dancks erred in finding that he had been involuntarily committed; (3) because Plaintiff is proceeding *pro se*, the Court should grant him an opportunity to amend his Complaint to cure its legal deficiencies, which he can easily do; (4) Magistrate Judge Dancks erred in finding that the St. Joseph's Defendants provided Plaintiff with paperwork during his involuntary state at the psychiatric ward when (in Paragraph 102 of his Complaint) he alleges they did not; (5) to the extent that various of Plaintiff's claims are barred by sovereign immunity and the Eleventh Amendment, Plaintiff should be permitted to amend those claims so that they seek only injunctive and/or declaratory relief; (6) Plaintiff can correct the defects in his claims arising from diversity jurisdiction by discontinuing his claims against the non-diverse Defendants and by alleging damages in excess of $75,000; (7) it is fundamentally unfair to require Plaintiff to allege the personal involvement of the Federal Defendants in order to seek injunctive and/or declaratory relief from them; (8) when the Supreme Court spoke of the "mentally ill" in *D.C. v. Heller*, 554 U.S. 570 (2008), it was referring to mental disorders more serious than those that afflict Plaintiff; (9) Magistrate Judge Dancks erred in finding that the Equal Protection Clause has been held not to protect the Second Amendment rights of those who are allegedly prohibited under 18 U.S.C. § 922(g)(4); (10) Magistrate Judge Dancks erred in finding that SAC Regina Lombardo works for the FBI (when in fact Plaintiff has alleged that she works for the ATF), and in finding that Plaintiff alleged that Dr. Levine did not personally examine him during his stay at the psychiatric ward; (11)

5

Magistrate Judge Dancks erred in granting him *in forma pauperis* status "solely for the purpose of [her] review" of his Complaint; (12) Magistrate Judge Dancks erred in finding that his state law claims against the St. Joseph's Defendants fail to state a claim because Plaintiff should be allowed to amend them; (13) Magistrate Judge Dancks erred in finding that he failed to allege facts plausibly suggesting that the New York State Defendants were acting within the scope of their employment; (14) Magistrate Judge Dancks erred in finding that his *Bivens* claims against all Federal Defendants should be dismissed, because he can correct those claims; (15) Magistrate Judge Dancks erred in finding that most of his claims against the Federal Defendants and New York State Defendants should be dismissed with prejudice, because Plaintiff can correct those claims; and (16) Magistrate Judge Dancks erred in finding that Plaintiff has failed to state a claim of declaratory judgment regarding 18 U.S.C. § 922(g)(4), because it is hard to fathom that in 1791 the Founders considered ex-soldiers displaying symptoms of post-traumatic stress disorder as being prohibited from having firearms for self-defense in their homes. (Dkt. Nos. 14, 15.)

### C. Plaintiff's Various Motions

For the sake of brevity, the Court will assume the reader's familiarity with the nature of and bases for Plaintiff's various motions, because (as previously stated) this Decision and Order is intended primarily for the review of the parties.

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.      **Legal Standards Governing Plaintiff's Various Motions**

Again, for the sake of brevity, the Court will assume the reader's familiarity with the legal standards governing Plaintiff's various motions, because (as previously stated) this Decision and Order is intended primarily for the review of the parties.

III.    **ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds six points.

First, given the legal analysis (and "Blue Booked" citations) contained in Plaintiff's numerous memoranda of law, the Court doubts that he is actually proceeding *pro se* in this action sufficient to warrant an extension of special solicitude (rendering his repeated representations of

---

[6]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

that fact both false and material);[7] however, the Court will assume he is proceeding *pro se* for the sake of brevity.

Second, Plaintiff argues that the written notice attached to his Complaint (informing of his right to a court hearing and counsel) was received by him only after his stay at the psychiatric ward. (Dkt. No. 14, at ¶ 4.) The problem is that the notice contains a staff physician's signature confirming that Plaintiff had been provided with a copy of the notice. (Dkt. No. 1, Attach. 7, at 6.) In his Objections, Plaintiff does not point to any portion of his Complaint in which he alleges facts plausibly suggesting that the physician's signature was fraudulent. (Dkt. No. 14, at ¶ 4.) Rather, he appears to argue that his own signature should have been required. (*Id*.) However, such a requirement does not appear to be contained in N.Y. Mental Hygiene Law §§ 9.27 or 9.29.

Third, Plaintiff's motion for reconsideration (which was not expressly submitted to Magistrate Judge Dancks) is denied on each of the following three grounds: (1) it is improper in that the only Order issued by Magistrate Judge Dancks was her Order granting his motion to proceed *in forma pauperis*, but he is not challenging that Order; (2) the procedural mechanism for challenging a Report-Recommendation is an Objection, which he pursued, and which is redundant of the relief requested by his motion for reconsideration; and (3) the motion is unsupported by a showing of cause.

Fourth, Plaintiff's motion to amend his Objections to the Report-Recommendation is granted. Although Plaintiff had previously been given a generous extension of time in which to

---

[7] The Court notes that such an offense would also appear to implicate his "ghostwriting" attorney, given the existence of Fla. Bar Op. 79-7 (2000) ("[P]leadings or other papers prepared by an attorney and filed with the court on behalf of a pro se litigant must indicate 'Prepared with Assistance of Counsel.'").

10

file all of his Objections, and although his proposed Amended Objections are somewhat redundant of his original Objections, the Court has carefully considered them in reviewing the Report-Recommendation.

Fifth, Plaintiff's motion to enlarge the time for service of process is denied without prejudice as premature. Plaintiff may renew his motion before Magistrate Judg Dancks after she has determined whether he has, in his Amended Complaint, corrected the pleading defects identified in her Report-Recommendation.

Sixth, Plaintiff's second motion to amend his Complaint is denied on each of the following three grounds: (1) by her Text Orders of December 21 and 29, 2015, Magistrate Judge Dancks denied Plaintiff's motion for an extension of time in which to file a motion to amend without prejudice to renewal after the undersigned has acted on her Report-Recommendation (which had not yet occurred when Plaintiff filed his second motion to amend on February 16, 2016); (2) Plaintiff's motion does not identify the amendments in his proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means, in violation of Local Rule 7.1(a)(2) (nor is Plaintiff's motion supported by an *unsigned* copy of the proposed amended pleading, in violation of Local Rule 7.1[a][4]); and (3) Plaintiff's proposed Amended Complaint appears to attempt to re-assert various claims that the Court has dismissed with prejudice in this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for reconsideration of the Report-Recommendation (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to amend his Objections to the Report-Recommendation (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that all of the claims asserted in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED with prejudice EXCEPT** for the following four claims, which **shall be DISMISSED with prejudice UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that corrects the pleading defects identified in Magistrate Judge Dancks' Report-Recommendation:

(1) Plaintiff's state law claims against St. Joseph's Defendants St. Joseph's Hospital Health Center, Briscoe, O'Connor, French, Levine, Tremiti, Roman, Spunelka, Constantine, Feldman, Rybak, Cate, Ruscitto, Seifter, Price, Welch, Gilbert, and John Does 1-5;

(2) Plaintiff's *Bivens* claims against Defendants Lombardo and Wysopal in their individual capacities;

(3) Plaintiff's state law claims against the United States;

(4) Plaintiff's state law claims against Defendants Lombardo and Wysopal; and it is further

**ORDERED** that Plaintiff's Amended Complaint shall be a complete pleading that supersedes his original Complaint in all respects (and does not incorporate by reference any portion of that Complaint), and shall not attempt to reassert any claims that have been dismissed with prejudice in this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion to enlarge the time for service of process (Dkt. No. 16) is **DENIED without prejudice** to renewal before Magistrate Judg Dancks after she has determined whether he has, in his Amended Complaint, corrected the pleading defects identified in her Report-Recommendation; and it is further

**ORDERED** that Plaintiff's motion to withdraw his first motion to amend his Complaint (Dkt. No. 18) is **GRANTED**, and Plaintiff's first motion to amend his Complaint (Dkt. No. 17) is deemed **WITHDRAWN**; and it is further

**ORDERED** that Plaintiff's second motion to amend his Complaint (Dkt. No. 19) is **DENIED without prejudice**.

Dated: February 25, 2016
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief U.S. District Judge