UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMESH HEENDENIYA,                               )<br>                              Plaintiff,  )<br>    v.                                                         )<br>                                                                )<br>ST. JOSEPH'S HOSPITAL HEALTH CENTER;   )<br>ROGER GARY LEVINE, MD; LISA MARIE         )<br>O'CONNOR, MD; GEORGE O. TREMITI, MD;    )<br>HORATIUS ROMAN, MD; JOANNE MARY          )<br>FRENCH, RN; WENDY BRISCOE, RN; SUSAN    )<br>LYNN CATE, LMFT; ROSALINE SPUNELKA, RN; )<br>ROBERT MICHAEL CONSTANTINE, MD;            )<br>MITCHELL BRUCE FELDMAN, MD; CYNTHIA A. )<br>RYBAK, NP; KATHRYN HOWE RUSCITTO,         )<br>PRESIDENT and CEO; LOWELL A. SEIFTER, JD, )<br>SENIOR VP and GENERAL COUNSEL; MEREDITH )<br>PRICE, VP of FINANCIAL SERVICES and CFO;   )<br>DEBORAH WELCH, VP; GAEL GILBERT, RN,     )<br>DIRECTOR; SJHHC DOES 1-5 INCLUSIVE;         )<br>                              Defendants.   ) | Civil Action No. 5:15-CV-01238-GTS-TWD<br><br>Honorable Glenn T. Suddaby<br>Honorable Therese Wiley Dancks<br><br><br><br><br><br><br><br>Affidavit Regarding Necessity of<br>Heendeniya Being Given Special<br>Solicitude Due to Him Being a Pro<br>Se, Mentally Disabled Plaintiff. |

```
STATE OF FLORIDA     )
                     ) SS
COUNTY OF HERNANDO   )
```

I, Umesh Heendeniya, being a resident of Hernando County, Florida, pursuant to 28 U.S.C. § 1746, declare under the penalties of perjury that the following statements are true and correct except as to the statements which I aver on knowledge, information, or belief formed after reasonable inquiry, and as to them, I believe them to be true:

### Select, Material Events Prior to Feb. 25, 2016.

1. On Oct. 19, 2015, I filed the above titled action with this Court. See Dkt. No. 1.

2. In the aforementioned prior filed complaint, I listed three categories that all the defendants could be grouped into: **(i)** SJHHC defendants; **(ii)** Federal defendants; **(iii)** New York state defendants ("state defendants"). See Dkt. No. 1, complaint, ¶¶ 1-3.

3. I clearly stated that I was going to avail myself of the right to amend the complaint (once, as a matter of course as stated in Fed. R. Civ. P. 15(a)(1)). See Dkt. No. 1, complaint, page 17, ¶ 116.

4. On Nov. 30, 2015, the magistrate court, *sua sponte*, issued a report and recommendation ("R&R") recommending that my claims be dismissed-- most with prejudice, a few without prejudice. See Dkt. No. 6.

5. On Dec. 17, 2015, I filed an emergency motion requesting time enlargements until Jan. 29, 2016, to file **(i)** Objections in response to the R&R; **(ii)** Motion for reconsideration in regards to the R&R; **(iii)** Motion to amend the complaint and thereby file the "First Amended Complaint." See Dkt. No. 7.

6. I asked for the above 3 time enlargements from the Court, pursuant to a request for reasonable disability accommodations pursuant to The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, because I have documented mental disabilities (i.e., manic depression and post-traumatic stress disorder-- PTSD) for which I take daily medications.

7. I asked the above time enlargements from the Court because, as listed in the complaint that was filed on Oct. 19, 2015, my cognitive abilities, thinking, ability to focus, and ability to remember is somewhat limited due to my mental disabilities. See Dkt. No. 1, ¶¶ 60-66.

8. In addition, I have documented physical disabilities, which include some pain and limitations in movement in my right knee (due to 2 arthroscopic knee surgeries in 1995 and 1999) and pain in my lower back (due to a twice injured herniated disc injury), type-2 diabetes, neuropathy, and hypercholesterolemia.

9. On Dec. 21, 2015, the Court granted the first 2 time enlargements that were requested as mentioned in ¶ 5, *supra*, but denied my motion for time enlargement to amend the complaint, without prejudice.

10. On Jan. 29, 2016, I filed an affidavit or a declaration, the first set of objections, and the motion for reconsideration.

11. In the above filed motion for reconsideration, I brought to the attention of the court that, pursuant to the Fed. R. Civ. P. 15(a)(1), Fed. R. Civ. P. 4(m), and L.R. 4.1(b), the 120-day alleged deadline for completing service of process on all the defendants using the services of the U.S. Marshals office is "fast approaching-- Tuesday, February 16, 2016."

12. On Feb. 04, 2016, I filed an "emergency motion to enlarge time for service of process," by an additional sixty (60) days beyond the 120-day deadline/time period allowed under Fed. R. Civ. P. 4(m), L.R. 4.1(b), and Fed. R. Civ. P. 6(b).

## Select, Material Events On or After Feb. 25, 2016.

13. On Feb. 25, 2016, the District Court entered a thirteen (13) page order giving me 30-days to file an amended complaint.

14. In the above noted order, the District Court also ordered that my 'emergency motion to enlarge time for service of process' (Dkt. No. 16) is denied <u>without prejudice</u>.

15. With the utmost respect to the District Court, on page 9 and 10 of this order, unfortunately, the Court errored when it made an incorrect <u>legal conclusion</u>[1] that I should not be afforded "special solicitude."

16. The Court mistakenly noted that "given the legal analysis (and "Blue Booked" citations) contained in Plaintiff's numerous memoranda of law, the Court doubts that he is actually

---

[1] Thus, subject to *de novo* review by the U.S. Court of Appeals for the Second Circuit.

proceeding *pro se* in this action sufficient to warrant an extension of special solicitude (rendering his repeated representations of that fact both false and material); however, the Court will assume he is proceeding *pro se* for the sake of brevity."

17. On page 10, on footnote 7, the Court wrote: "the Court notes that such an offence would also appear to implicate his "ghostwriting" attorney, given the existence of Fla. Bar Op. 79-7 (2000) ("[P]leadings or other papers prepared by an attorney and filed with the court on behalf of a pro se litigant must indicate 'Prepared with Assistance of Counsel.'").

18. I was, for lack of better words, dumbfounded, when I read the District Court's erroneous legal conclusion, noted above in ¶¶ 16-17.

19. I have done all of the legal research and writing in this case, and <u>have not</u> got anyone else-- including an attorney, a juris doctorate degree holder, or any other person-- to ghostwrite on my behalf.

20. I am not an attorney, and I do not have a juris doctorate degree or an equivalent degree from any institution.

21. On information and belief, I state that the Second Circuit has noted that 'The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent "cogent" and "compelling" reasons such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."' <u>US v. Thorn</u>, 446 F. 3d 378, 383 (2d Cir. 2006).

22. On information and belief, I state that the Second Circuit has further noted that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case," <u>United States v. Quintieri</u>, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting <u>US v. Uccio</u>, 940 F. 2d 753, 758 (2d Cir. 1991)), unless "cogent" and "compelling"

reasons militate otherwise, United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (citing US v. Tenzer, 213 F. 3d 34, 39 (2d Cir. 2000)).

23. Thus, unfortunately, by making the erroneous legal conclusion on pages 9 and 10 of the Court's Feb. 25, 2016 order, on information and belief, the District Court created a dangerous legal precedent that adversely affects not just me (who is a *pro se*, mentally disabled plaintiff), but potentially future *pro se* litigants[2] in the Federal District Court for the Northern District of New York.

24. This is because, now, under the Court's erroneous legal conclusion and ruling, all that a judge needs in order to make a legal conclusion that a *pro se* plaintiff is not entitled to "special solicitude" is a factual finding that s/he has used barebones, basic legal skills such as the use of "Blue Booked" citations, etc., in his/her motions, memoranda, and briefs that were submitted to the Court.

25. In other words, with utmost respect to the District Court, unfortunately, the Court has caused the allowable **"ceiling"** of the legal skills displayed/possessed by *pro se* litigants to come dangerously low, before the Court can make a legal ruling that the *pro se* litigant will not be afforded 'extra leeway' and/or 'special solicitude' because his/her skills are sufficiently advanced/sophisticated that granting such special solicitude is unnecessary.

26. I respectfully assert that such an unfair and low "ceiling" of allowable legal skills for *pro se* litigants such as myself (and thus judges can easily rule that I am not deserving special solicitude due to exceeding this low ceiling of legal research and writing skills) should be rejected either by the Court-- upon reconsideration of its Feb. 25, 2016 order-- or by the U.S.

---

[2] On information and belief, this could have a significant, detrimental effect on federal and state prisoners incarcerated in New York, many who litigate *pro se* in Federal Court due to lack of funds necessary to hire a licensed attorney.

Court of Appeals for the Second Circuit, upon appeal under either 28 U.S.C. § 1292(b), 28 U.S.C. § 1651 and Fed. R. App. P. 21, or 28 USC § 1291.

This concludes my declaration that contains paragraphs numbered 1 through 26.

Dated:  March 29, 2016.
Hernando County, Florida.

Umesh Heendeniya
(508)-263-0145

