UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMESH HEENDENIYA,<br><br>                                   Plaintiff,<br><br>-vs-<br><br>ST. JOSEPH HOSPITAL HEATH CENTER, ROGER GARY LEVINE, MD; LISA MARIE O'CONNOR, MD; GEORGE O. TREMITI, MD; HORATIUS ROMAN; JOANNE MARY FRENCH, RN; WENDY BRISCOE, RN; SUSAN LYNN CATE, LMFT; ROSALINE SPINELLA, RN; ROBERT MICHAEL CONSTANTINE, MD; MITCHELL BRUCE FELDMAN, MD; CYNTHIA A. RYBAK, NP; KATHRYN HOWE RUSCITTO, PRESIDENT and CEO; LOWELL A. SEIFTER, JD, SENIOR VP and GENERAL COUNSEL; MEREDITH PRICE, VP of FINANCIAL SERVICES and CFO; DEBORAH WELCH, VP; GAEL GILBERT, RN, MBA, DIRECTOR; SJHHC DOES 1-5 INCLUSIVE;<br><br>                                   Defendants. | Civil Action No.<br>5:15-CV-1238-GTS/TWD<br>Judge Glenn T. Suddaby<br>Judge Therese Wiley Dancks<br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Defendants, St. Joseph's Hospital Health Center; Joanne Mary French; Wendy Briscoe; Susan Lynn Cate; Rosaline Spinella; Cynthia A. Rybak; Kathryn Howe Ruscitto; Lowell A. Seifter; Meredith Price; Deborah Welch; and Gael Gilbert (collectively "defendants"), by their attorneys Costello, Cooney & Fearon, PLLC, in answer to plaintiff Umesh Heendeniya's Second Amended Complaint, states and alleges as follows:

### INTRODUCTORY STATEMENT

1.      **DENY** the allegations contained in paragraphs "1", "2", and "3" of the Second Amended Complaint.

2.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## THE PARTIES

3.   **ADMIT** the allegations contained in paragraphs "8", "9", "10", "11", "12", "13", "37", "39", "41", and "63" of the Second Amended Complaint.

4.   **ADMIT** the allegations contained in paragraph "5" of the Second Amended Complaint to the extent that St. Joseph's Hospital Health Center is located at 301 Prospect Avenue, Syracuse, New York 13203 and has a department of psychiatry called Unit 3-6, but **DENY** the remaining allegations contained in said paragraph.

5.   **ADMIT** the allegations contained in paragraph "36" of the Second Amended Complaint to the extent that Joanne Mary French worked in Unit 3-6 in April, 2013, but **DENY** the remaining allegations contained in said paragraph.

6.   **ADMIT** the allegations contained in paragraph "38" of the Second Amended Complaint to the extent that Wendy Briscoe worked in Unit 3-6 in April, 2013, but **DENY** the remaining allegations contained in said paragraph.

7.   **ADMIT** the allegations contained in paragraph "40" of the Second Amended Complaint to the extent that Susan Lynn Cate worked in Unit 3-6 in April, 2013, but **DENY** the remaining allegations contained in said paragraph.

8.   **ADMIT** the allegations contained in paragraph "42" of the Second Amended Complaint to the extent that Rosaline Spinella worked at St. Joseph's Hospital Health Center in April, 2013, but **DENY** the remaining allegations contained in said paragraph.

9.   **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "4", "16", "17", "18", "19", "20", "22", "23", "24", "25", "26", "27", "28", "29", "31", "32", "33", "34", "35", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "58", "59", "60", "61", "62", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", and "76" of the Second Amended Complaint, and therefore **DENY** the same.

10.   **DENY** the allegations contained in paragraphs "6", "7", "14", "15", "21", "30", "43", "44", "57", "77", and "78" of the Second Amended Complaint.

11.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## JURISDICTION AND VENUE

12.   **DENY** the allegations contained in paragraphs "79", "80", "81", "82", and "83" of the Second Amended Complaint.

13.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## STATEMENT OF FACTS

### Brief Biography

14.   **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "84", "87", "88", "89", "90", "91", "92", "93", and "94" of the Second Amended Complaint, and therefore **DENY** the same.

15.   **DENY** the allegations contained in paragraphs "85" and "86" of the Second Amended Complaint.

16. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### Heendeniya's Mental and Physical Disabilities

17. **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", and "105" of the Second Amended Complaint, and therefore **DENY** the same.

18. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### Heendeniya's Need to Exercise His Second Amendment Gun Rights

19. **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", and "135" of the Second Amended Complaint, and therefore **DENY** the same.

20. **DENY** the allegations contained in paragraphs "118", "119", and "120" of the Second Amended Complaint.

21. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### The SJHHC Defendants and the Physician Defendants Engaged in Unlawful Conduct in Order to Justify Involuntary Admitting Heendeniya to the Psychiatric Unit

22. **ADMIT** the allegations contained in paragraph "353" of the Second Amended Complaint to the extent that Heendeniya wrote to St. Joseph's Hospital Health Center, but **DENY** the remaining allegations contained in said paragraph.

4

23. **ADMIT** the allegations contained in paragraph "354" of the Second Amended Complaint to the extent that St. Joseph's Hospital Health Center wrote to Heendeniya, but **DENY** the remaining allegations contained in said paragraph.

24. **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "140", "172", "189", "190", and "347" of the Second Amended Complaint, and therefore **DENY** the same.

25. **DENY** the allegations contained in paragraphs "137", "138", "139", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163","164", "165", "166", "167", "168", "169", "170", "171", "173", "174", "175", "176", "177", "178", "179", "180", "181", "182", "183", "184", "185", "186", "187", "188", "191", "192", "193", "194", "195", "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "225", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250", "251", "252", "253", "254", "255", "256", "257", "258", "259", "260", "261", "262", "263", "264", "265", "266", "267", "268", "269", "270", "271", "272", "273", "274", "275", "276", "277", "278", "279", "280", "281", "282", "283", "284", "285", "286", "287", "288", "289", "290", "291", "292", "293", "294", "295", "296", "297", "298", "299", "300", "301", "302", "303", "304", "305", "306", "307", "308", "309", "310", "311", "312", "313", "314", "315", "316", "317", "318", "319", "320", "321", "322", "323", "324", "325", "326", "327", "328", "329", "330", "331", "332", "333", "334", "335", "336", "337", "338", "339", "340",

"341", "342", "343", "344", "345", "346", "348", "349", "350", "351", "352", "355", "356", "357", "358", "359", "360", "361", "362" and "363" of the Second Amended Complaint.

26.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### New York Mental Hygiene Law § 9.27 is Unconstitutional

27.   **DENY** the allegations contained in paragraphs "364", "365", "366", "367", "368", "369", "370", "371", "372", "373", "374", "375", "376", "377", "378", "379", "380", "381", "382", "383", "384", and "385" of the Second Amended Complaint.

28.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### New York State Defendants Refuse to Grant Heendeniya Reasonable Disability Accommodations in Order for Him to Exercise His Second Amendment Rights

29.   **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief with respect to paragraphs "386", "387", "388", "389", "390" and "391" of the Second Amended Complaint, and therefore **DENY** the same.

30.   **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## STATEMENT OF CLAIMS

### COUNT I

**Medical Negligence**
**(Against the SJHHC Defendants and the Physician defendants)**

31.   Defendants, repeat and reiterate each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Second Amended

Complaint reiterated and re-alleged by the plaintiff in the paragraph of the Second Amended Complaint enumerated in paragraph "392".

32. **DENY** the allegations contained in paragraphs "393", "394", "395", "396", "397", "398", "399", "400", "401", "402", "403", "404", "405", and "406" of the Second Amended Complaint.

33. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT II

### Intentional and/or Reckless Infliction of Emotional Distress
### (Against the SJHHC Defendants and the Physician defendants)

34. This cause of action has been dismissed against all defendants (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "407", "408", "409", "410", "411", and "412" of the Second Amended Complaint.

35. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT III

### Negligent Infliction of Emotional Distress
### (Against the SJHHC Defendants and the Physician defendants)

36. This cause of action has been dismissed against all defendants (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "413", "414", "415", "416", "417", "418", and "419" of the Second Amended Complaint.

37.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### COUNT IV

### Violation of Title III and Title V of the ADA, and Section 504
### (Against the SJHHC Defendants, the Physician defendants, and Corporations A-E)

38.     This cause of action has been dismissed against all defendants (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "420", "421", "422", "423", "424", "425", "426", "427", "428", "429", "430", "431", "432", "433", and "434 of the Second Amended Complaint.

39.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### COUNT V

### New York State Civil Conspiracy Tort
### (Against the SJHHC Defendants and the Physician defendants)

40.     This cause of action has been dismissed against all defendants (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "435", "436", "437", "438", "439", "440", and "441" of the Second Amended Complaint.

41.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT VI

**Violation of the Second Amendment**
**(Against solely the NY State Defendants – Seeks Equitable Relief Only)**

42. The allegations contained in paragraphs "442", "443", "444", "445", "446", "447" and "448" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

43. This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "442", "443", "444", "445", "446", "447" and "448" of the Second Amended Complaint.

44. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT VII

**Violation of Due Process Clause, As-Applied, Under The Fourteenth Amendment**
**(Against solely the NY State Defendants – Seeks Equitable Relief Only)**

45. The allegations contained in paragraphs "449", "450", "451", "452", and "453" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

46. This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "449", "450", "451", "452", and "453" of the Second Amended Complaint.

47. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT VIII

**Violation of the Equal Protection Clause, As-Applied, Under the Fourteenth Amendment
(Against solely the NY State Defendants- Seeks Equitable Relief Only)**

48.     The allegations contained in paragraphs "454", "455", "456", 457", and "458" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

49.     This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "454", "455", "456", 457", and "458" of the Second Amended Complaint.

50.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT IX

**Violation of the Due Process Clause, Facially, Under the Fourteenth Amendment
(Against solely the NY State Defendants – Seeks Equitable Relief Only)**

51.     The allegations contained in paragraphs "459", "460", "461", "462" and "463" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

52.     This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "459", "460", "461", "462" and "463" of the Second Amended Complaint.

53.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT X

**Violation of the Equal Protection Clause, Facially, Under the Fourteenth Amendment
(Against solely the NY State Defendants – Seeks Equitable Relief Only)**

54. The allegations contained in paragraphs "464", "465", "466", "467", and "468" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

55. This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "464", "465", "466", "467", and "468" of the Second Amended Complaint.

56. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

## COUNT XI

**Violation of Title II of the ADA, and Section 504
(Against solely the NY State Defendants – Seeks Equitable Relief Only)**

57. The allegations contained in paragraphs "469", "470", "471", "472", "473", "474", "475", and "476" of the Second Amended Complaint do not refer to these answering defendants, therefore, these answering defendants **DENY** the same.

58. This cause of action has been dismissed (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "469", "470", "471", "472", "473", "474", "475", and "476" of the Second Amended Complaint.

59. **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

### COUNT XII

**New York State Civil Rights Article 7 - §79-n; New York MHL §33.01**
**(Against the SJHHC Defendants, the Physician defendants, and the NY State Defendants)**

60.     This cause of action has been dismissed against all defendants (Dkt. No. 118), therefore, these answering defendants need not address the allegations contained in paragraphs enumerated "477", "478", "479", "480", and "481" of the Second Amended Complaint.

61.     **DENY** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

**The answering defendants deny each and every other allegation contained in the Second Amended Complaint not herein before specifically admitted, controverted or denied insofar as the same pertain to the answering defendants.**

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

62.     Upon information and belief, the Second Amended Complaint, either in whole or on part, fails to state a cause of action against the answering defendants.

63.     By virtue of the foregoing, the Second Amended Complaint should be dismissed as against these answering defendants in accordance with Rules 12 and 56 of the Federal Rules of Civil Procedure.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

64.     That the injuries alleged in the plaintiff's Second Amended Complaint were caused, contributed to and brought about, in whole or in part, by the culpable conduct, acts or omissions of plaintiff and/or others over whom the answering defendants exercised no supervision or control, including contributory negligence and/or assumption of risk, and the injuries and

damages otherwise recoverable by plaintiff, if any, should be diminished in proportion to which their culpable conduct bears to the culpable conduct which caused the injuries and damages, if any, pursuant to the decisional and statutory law of the State of New York, in such cases made and provided.

### AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

65. Plaintiff's actions are time-barred by the reason of the expiration of the applicable statute of limitations.

### AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

66. Upon information and belief, this court lacks proper subject matter jurisdiction over the controversy with the respect to the answering defendants.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

67. Upon information and belief, plaintiff seeks damages which are not recoverable under New York Law.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

68. Upon information and belief, plaintiff seeks extra-contractual and/or punitive damages which are not recoverable under New York Law.

### AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING STATE AND ALLEGE AS FOLLOWS:

69. Upon information and belief, some or all of the damages alleged in the Second Amended Complaint are barred and/or subject to the provisions of Section 4545 of the New York Civil Practice Law and Rules.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

70. The liability, if any, of the answering defendants, is limited by the operation of Article 16 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

71. In the event of any prior or subsequent settlement entered into between plaintiff and another person or entity liable or claimed to be liable, in tort, for the same injuries complained of herein, the answering defendants assert all relevant provisions of the Section 15-108 of the New York General Obligations Law.

### AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

72. Upon information and belief, plaintiff seeks damages and relief, in whole or in part, which violate the rights and privileges guaranteed these answering defendants by the Fourteenth Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution.

### AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

73.     Plaintiff failed to mitigate damages.

### AS AND FOR AN TWELFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

74.     The relative culpability, if any, of each person, entity, or tortfeasor who is or may be liable for damages alleged by plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York and the equitable share of each person, entity, or tortfeasor liable for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such person, entity, or tortfeasor pursuant to provisions of CPLR Article 14.

### AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

75.     That the plaintiff's Second Amended Complaint fails to comply with the requirements of CPLR §3012-a.

### AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

76.     That the plaintiff's Second Amended Complaint fails to comply with the requirements of CPLR §3017(c) and FRCP 8(d) and 9(b).

### AS AND FOR A FIFTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

77. These defendants allege, upon information and belief, that the Public Health Law, particularly Section 2805, is a complete defense to any cause of action contained in plaintiff's Second Amended Complaint.

### AS AND FOR A SIXTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING STATE AND ALLEGE AS FOLLOWS:

78. All or part of the cost of the plaintiff's medical care, loss of earnings, or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent, these defendants request that in the even the plaintiff recovers any judgment herein, that such amounts as have been or may be recovered in whole or in part from collateral sources be determined by the court and the amounts the plaintiff recovers be reduced by said amounts.

### AS AND FOR A SEVENTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS STATE AND ALLEGE AS FOLLOWS:

79. Upon information and belief, the actions against these answering defendants were not commenced in good faith, are frivolous and harassing because all actions are without reasonable basis in law or in fact.

80. By reason of the foregoing, the answering defendants hereby demand costs, attorneys' fees and other expenses against plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, defendants, St. Joseph's Hospital Heath Center; Joanne Mary French; Wendy Briscoe; Susan Lynn Cate; Rosaline Spinella; Cynthia A. Rybak; Kathryn Howe Ruscitto; Lowell A. Seifter; Meredith Price; Deborah Welch; and Gael Gilbert demand judgment dismissing the Second Amended Complaint, or in the alternative, judgment reducing the liabilities of the parties to this action due to plaintiff's culpable conduct, or further in the alternative, a determination of the respective liabilities of all the parties to this action, together with the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper.

**DATED:** March 27, 2017

                                      **COSTELLO, COONEY & FEARON, PLLC**

                                      _/s/ Robert J. Smith_
                                      **ROBERT J. SMITH**
                                      Bar Roll No. 102628
                                      **Attorneys for the Defendants,**
                                          St. Joseph's Hospital Health Center;
                                          Joanne Mary French; Wendy Brisco;
                                          Susan Lynn Cate; Rosaline Spinella;
                                          Cynthia A. Rybak; Kathryn Howe
                                          Ruscitto; Lowell A. Seifter;
                                          Meredith Price; Deborah Welch; and
                                          Gael Gilbert
                                    500 Plum Street, Suite 300
                                    Syracuse, New York 13204-1401
                                    Telephone: (315) 422-1152

**TO:** Umesh Heendeniya
       _Pro Se_
       P.O. Box 5104
       **Spring Hill, Florida 34611**
       **Telephone: (508) 263-0145**

cc:    Kevin E. Hulslander, Esq.
SMITH SOVIK KENDRICK & SUGNET
Attorneys for Defendant,
    Roger Gary Levine, M.D.
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone:   (315) 474-2911

Brian M. Gargano, Esq.
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C.
Attorneys for Defendants,
    Lisa Marie O'Connor, George O. Tremiti,
    Horatius Roman, Robert Michael Constantine
    and Mitchell Bruce Feldman
5790 Widewaters Parkway
Syracuse, New York 13214

## JURY DEMAND

Demand is hereby made for a jury trial on all issues.

**DATED:** March 27, 2017

                                            COSTELLO, COONEY & FEARON, PLLC

*[signature]*

ROBERT J. SMITH
Bar Roll No. 102628
Attorneys for the Defendants,
   St. Joseph's Hospital Health Center;
   Joanne Mary French; Wendy Brisco;
   Susan Lynn Cate; Rosaline Spinella;
   Cynthia A. Rybak; Kathryn Howe
   Ruscitto; Lowell A. Seifter;
   Meredith Price; Deborah Welch; and
   Gael Gilbert
500 Plum Street, Suite 300
Syracuse, New York 13204-1401
Telephone: (315) 422-1152

**TO:** Umesh Heendeniya
*Pro Se*
P.O. Box 5104
Spring Hill, Florida 34611
Telephone: (508) 263-0145

**cc:** Kevin E. Hulslander, Esq.
SMITH SOVIK KENDRICK & SUGNET
Attorneys for Defendant,
   Roger Gary Levine, M.D.
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911

Brian M. Gargano, Esq.
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C.
Attorneys for Defendants,
   Lisa Marie O'Connor, George O. Tremiti,
   Horatius Roman, Robert Michael Constantine
   and Mitchell Bruce Feldman
5790 Widewaters Parkway