UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMESH HEENDENIYA,

       Plaintiff,

v.                            5:15-CV-1238
                               (GTS/TWD)

ST. JOSEPH'S HOSPITAL HEALTH CENTER;
ROGER GARY LEVINE, M.D.; LISA MARIE
O'CONNOR, M.D.; GEORGE O. TREMITI, M.D.;
HORATIUS ROMAN, M.D.; JOANNE MARY
FRENCH, R.N.; WENDY BRISCOE, R.N.; SUSAN
LYNN CATE, L.M.F.T.; ROSALINE SPINELLA;
ROBERT MICHAEL CONSTANTINE, M.D.;
MITCHELL BRUCE FELDMAN, M.D.; CYNTHIA A.
RYBAK, N.P.; KATHRYN HOWE RUSCITTO, President
and CEO; LOWELL A. SEIFTER, Senior Vice President and
General Counsel; MEREDITH PRICE, Vice President of
Financial Services and CFO; DEBORAH WELCH, Vice
President; GAEL GILBERT, R.N., Director; and ST.
JOSEPH'S HOSPITAL HEALTH CENTER JOHN AND
JANE DOES 1-5,

       Defendants.
_____

APPEARANCES:                    OF COUNSEL:

UMESH HEENDENIYA
 Plaintiff, *Pro Se*
P.O. Box 5104
Spring Hill, FL 34611

COSTELLO, COONEY & FEARON, PLLC        ROBERT J. SMITH, ESQ.
 Counsel for Defendants St. Joseph's Hospital,      JENNIFER L. WANG, ESQ.
 French, Briscoe, Cate, Spinella, Rybak, Ruscitto,
 Seifter, Price, Welch, and Gilbert
500 Plum Street, Suite 300
Syracuse, NY 13204

SMITH, SOVIK, KENDRICK & SUGNET, P.C.      KEVIN E. HULSLANDER, ESQ.
 Counsel for Defendant Levine            MATTHEW P. GERMAIN, ESQ.
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

MARTIN GANOTIS BROWN MOULD & CURRIE, P.C.     JOHN C. JENSEN, ESQ.
  Counsel for Defendants O'Connor, Tremiti, and Roman
5790 Widewaters Parkway
Syracuse, NY 13214

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this medical malpractice action filed by Umesh Heendeniya ("Plaintiff") against St. Joseph's Hospital Health Center, Joanne Mary French, Wendy Briscoe, Susan Lynn Cate, Rosaline Spinella, Cynthia Rybak, Kathryn Howe Ruscitto, Lowell A. Seifter, Meredith Price, Deborah Welch, and Gael Gilbert (collectively "St. Joseph's Defendants"), Lisa Marie O'Connor, George Tremiti, Horatius Roman, Robert Michael Constantine, and Mitchell Bruce Feldman (collectively "Physician Defendants"), and Roger Gary Levine, are the following three motions: (1) the Physician Defendants' motion to dismiss for failure to prosecute and/or failure to comply with discovery requests (Dkt. No. 161); (2) the St. Joseph's Defendants' motion to dismiss for failure to prosecute and/or failure to comply with discovery requests (Dkt. No. 163); and (3) Defendant Levine's motion to dismiss for failure to prosecute, or, in the alternative, for summary judgment (Dkt. No. 165). For the reasons set forth below, all three of these motions are granted and Plaintiff's Complaint is dismissed.

I.     **RELEVANT BACKGROUND**

     A.     **Plaintiff's Second Amended Complaint**

As the result of the Court's Decision and Order of March 14, 2017, the only claim from Plaintiff's Second Amended Complaint surviving at this time is his claim for medical malpractice against the Physician Defendants, the St. Joseph's Defendants, and Defendant

2

Levine. (Dkt. No. 55 [Pl.'s Second Am. Compl.]; Dkt. No. 118, at 36 [Decision & Order, 3/14/17].) As to that claim, Plaintiff alleges that Defendants acted beyond the bounds of professionalism and deviated from the standards of medical practice by (a) failing to accurately diagnose his psychiatric illnesses, (b) failing to take into account the diagnoses that Plaintiff reported to them, (c) failing to speak with Plaintiff's treating psychiatrist about Plaintiff's diagnoses, and (d) failing to institute appropriate medical care, treatment and procedures. (Dkt. No. 55, at ¶¶ 401-02 [Pl.'s Second Am. Compl.].) Plaintiff alleges that Defendants' actions caused him permanent injuries, damages, losses, and disabilities to his legal and property rights, specifically his right to buy, own, and carry a firearm. (*Id.* at ¶¶ 404, 406.)

### B. Parties' Briefing on Defendants' Motions

#### 1. The Physician Defendants' Motion to Dismiss

Generally, the Physician Defendants move to dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 37 based on Plaintiff's failure to provide responses to the Physician Defendants' discovery requests in violation of the Court's Order of January 31, 2018. (Dkt. No. 161, Attach. 2, at 2-3 [Physician Defs.' Mem. of Law].) The Physician Defendants argue that Plaintiff has been afforded numerous opportunities to participate in the discovery process and has been clearly warned that non-compliance with discovery requests and rules could result in dismissal of his Complaint. (*Id.*) The Physician Defendants argue that Plaintiff has shown he understood the Court's orders related to deadlines because he provided (by email) discovery requests only six minutes after the deadline to do so. (*Id.* at 3.) Lastly, the Physician Defendants argue that the delay in this case has been within Plaintiff's control because, in the six months during which he could have responded to the

3

discovery requests, he filed several lengthy motions and requests, a fact that indicates Plaintiff was capable of responding to the discovery requests. (*Id.*)

### 2. The St. Joseph's Defendants' Motion to Dismiss

Generally, the St. Joseph's Defendants move to dismiss Plaintiff's Second Amended Complaint with prejudice based on Plaintiff's failure to provide responses to the Physician Defendants' discovery requests in violation of Fed. R. Civ. P. 37, and his failure to comply with a Court Order and to prosecute in violation of Fed. R. Civ. P. 41. (Dkt. No. 163, Attach. 4, at 3-9 [St. Joseph's Defs.' Mem. of Law].) As to their reliance on Fed. R. Civ. P. 37, the St. Joseph's Defendants argue that Plaintiff has willfully and repeatedly ignored the Court's discovery orders and deadlines despite the Court graciously allowing him multiple extensions of time, and that the Court has provided him with adequate warning that continued failure to comply with discovery rules and orders would be ground for dismissal of his Complaint. (*Id.* at 3-6.) As to their reliance on Fed. R. Civ. P. 41, the St. Joseph's Defendants argue that all five relevant factors weigh in favor of dismissal, arguing in particular that (a) there has been a significant delay since the Fall of 2017 when discovery responses were supposed to have been received, (b) the Court has given Plaintiff notice of the possibility of dismissal, (c) Defendants have experienced severe prejudice as a result of the delay because they have been prevented from preparing a defense despite the fact that the case was initiated in 2015, (d) Plaintiff's failure to comply is based on his own actions and there would therefore not be any denial of his right to be heard, and (e) lesser sanctions would not be appropriate given Plaintiff's history of repeated violations. (*Id.* at 8-9.)

4

### 3. Defendant Levine's Motion to Dismiss and/or for Summary Judgment

Generally, Defendant Levine's motion is based on three grounds. (Dkt. No. 165, Attach. 18, at 5-14 [Def. Levine's Mem. of Law].) First, Defendant Levine argues that Plaintiff's Second Amended Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41 based on (a) Plaintiff's repeated delays in answering discovery requests, and (b) his understanding of the Court's orders and the consequences of failing to obey those orders (i.e., dismissal). (*Id.* at 5-7.)

Second, Defendant Levine argues that, in the alternative, he is entitled to summary judgment under Fed. R. Civ. P. 56 because Plaintiff has not shown that Defendant Levine deviated from accepted standards of care or that Defendant Levine was the proximate cause of Plaintiff's alleged injuries. (*Id.* at 7-11.) More specifically, Defendant Levine argues that, based on the current record evidence, it is uncontroverted that he played no role in the choice to involuntarily admit Plaintiff to the impatient psychiatric unit and did not treat or care for Plaintiff on the date he was admitted to that unit, but that he instead treated Plaintiff three days after that admission occurred. (*Id.* at 9-10.) Defendant Levine argues also that it is uncontroverted that the treatment he provided was within the accepted standards of care and that any alleged negligence is not the proximate cause of Plaintiff's alleged injuries because, again, Defendant Levine played no role in the decision to involuntarily admit Plaintiff. (*Id.* at 11-12.)

Third, Defendant Levine argues that he is entitled to summary judgment on Plaintiff's claim on the alternative ground that it is barred by the statute of limitations because the involuntary admission forming the basis of Plaintiff's claim occurred on April 12, 2013, and he did not file his Complaint until October 19, 2015, seven days after the end of the two-and-a-half-year statute of limitations applicable to medical malpractice actions in New York. (*Id.* at 13-14.)

### 4. Plaintiff's Failure to Oppose the Motions to Dismiss

Pursuant to the Court's Text Order of June 19, 2018, Plaintiff's response in opposition to all three motions to dismiss was due on July 30, 2018. (Text Order filed 6/19/18.) However, as of the date of this decision, Plaintiff has not filed any response papers, request for extension of time, or other documents indicating that he intends to file a response. (*See generally* Docket Report.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Dismissal Pursuant to Fed. R. Civ. P. 37(b)(2)(A)

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states that, "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders," including "(v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Courts must consider the following relevant factors when determining whether dismissal is appropriate under Fed. R. Civ. P. 37(b): (a) the willfulness of the non-compliant party and the reason for the non-compliance; (b) the efficacy of lesser sanctions; (c) the duration of the period of non-compliance; and (d) whether the non-compliant party has been warned of the consequences of non-compliance. *Agiwal v. Mis Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Notably, in order to impose the extreme sanction of dismissal, the court must find willfulness, bad faith, or fault on the part of the individual from who discovery is sought. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).

B.  **Legal Standard Governing Dismissal Pursuant to Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the federal or local] rules or a court order." Fed. R. Civ. P. 41(b). The Second Circuit has outlined five factors to weigh when determining whether dismissal for failure to prosecute is appropriate: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216 (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 [2d Cir. 1994]). "[D]ismissals under Rule 41(b) are 'harsh remedies that are appropriate only in extreme situations,' . . . [and] district courts therefore 'should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant.'" *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.10 [2d Cir. 2004]; *Lucas v. Miles*, 84 F.3d 532, 535 [2d Cir. 1996]).

III.  **ANALYSIS**

After carefully considering the matter, the Court answers the question of whether Plaintiff's Second Amended Complaint should be dismissed for failure to prosecute as to all Defendants in the affirmative for the reasons stated in the memoranda of law. *See, supra,* Parts I.B.1., I.B.2., and I.B.3. of this Decision and Order. To those reasons, the Court adds the following analysis.

The Court notes as an initial matter that the standards for dismissal under Fed. R. Civ. P. 37(b)(2)(A) and under Fed. R. Civ. P. 41(b) require consideration of many of the same factors, including the duration of the non-compliance, the notice or warning provided to the non-complying party, and the consideration of whether lesser sanctions might be appropriate. The Court finds that, under either Rule, these three factors weigh in favor of dismissal.

The Uniform Pretrial Scheduling Order was filed on July 12, 2017, with a discovery due date of August 31, 2018. (Dkt. No. 129). On July 19, 2017, counsel for the Physician Defendants filed a letter with the Court indicating that Plaintiff was refusing to provide medical authorizations; the Physician Defendants requested that the Court issue an order directing Plaintiff to provide those authorizations. (Dkt. No. 141.) The Court issued a Text Order on July 20, 2017, directing Plaintiff to provide those authorization to counsel for all Defendants, warning that "failure to provide a HIPAA compliant authorization in accordance herewith may result in sanctions including, but not limited to, dismissal of this action for failure to prosecute and failure to follow Court orders and directives." (Text Order filed 7/20/17.) On January 10, 2018, counsel for the Physician Defendants filed a letter with the Court, in which he requested a court conference and leave to bring a motion to compel discovery based on Plaintiff's failure to respond to discovery demands served on or about October 25, 2017. (Dkt. No. 150.) After a hearing on January 30, 2018, the Court directed Plaintiff to serve responses to the discovery demands from all Defendants no later than April 13, 2018, and warned Plaintiff that, "if responses are not served as directed, that [fact] will be grounds for dismissal for failure to prosecute and follow court directives." (Text Minute Entry filed 1/30/18; Text Order filed 1/31/18.) On April 17, 2018, counsel for the Physician Defendants filed a letter with the Court

8

stating that no responses from Plaintiff had been received as to the discovery demands and requesting leave to file a motion to dismiss for failure to prosecute. (Dkt. No. 156.)

As can be seen from the above summary, the duration of Plaintiff's delay between the time discovery demands were due and the Physician Defendants' letter to the Court (April 17, 2018) is 174 days; a similar delay has been experienced by the other Defendants. The duration of time in which Plaintiff failed to respond to the discovery requests weighs in favor of dismissal. *See* N.D.N.Y. L.R. 41.2 ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four [4] months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

As to the issue of notice, the Court finds that, through the Court's Order of January 31, 2018, it is also apparent that Plaintiff was provided with clear warning that failure to respond to discovery demands would be grounds for dismissal.

As to the issue of prejudice to Defendants pursuant to Fed. R. Civ. P. 41(b), the Court finds that this factor weighs in favor of dismissal. This case was initiated in October 2015, and the actions underlying the surviving claim occurred in April 2013. (Dkt. No. 1; Dkt. No. 55, at ¶ 393 [Pl.'s Second Am. Compl.].) Since the initiation of this action, Defendants have been unable to obtain the discovery needed to formulate a defense due to Plaintiff's failure to respond to discovery requests. Given the fact that more than five years have now passed since the time of the actions underlying Plaintiff's claim, there is a serious concern regarding whether Defendants

will be able to collect quality evidence due to the infallibility of witnesses' memories with the passing of time or the possible degradation or loss of other pertinent evidence. *See Georgiadis*, 167 F.R.D., at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem is probably severe already. The additional delay that plaintiff has caused here can only make matters worse."). Indeed, the Second Circuit has explained that prejudice to a defendant is presumed where there is an unreasonable delay. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982). The Court therefore finds that Defendants may very likely be prejudiced by allowing Plaintiff's action to continue despite his non-compliance and delays.

As to the issue of whether the Court's interests in managing its docket outweigh Plaintiff's interests in having a fair hearing of his case, the Court finds that this factor also weighs in favor of dismissal. Plaintiff's repeated failure to comply with the discovery orders and rules, and his repeated requests for extensions of time to file documents, indicate that he has not shown a willingness to prosecute his action in good faith and according to the established rules and procedures of this Court. The Court notes in particular that, on June 19, 2018, Plaintiff requested a three-month extension of time to file a response to the motions at issue in this Decision and Order, and that, although this request was denied in part, he was granted until July 30, 2018, to file his response, an extension of more than a month from the previous deadline of June 18, 2018. (Text Notice filed 5/4/18; Text Order filed 6/19/18.) However, despite being granted this extension, Plaintiff still has not filed any response to Defendants' motions. Given Plaintiff's demonstrated penchant for failing to take advantage of the opportunities provided to him, the Court finds that the need to manage its congested docket outweighs Plaintiff's interest in having his case proceed.

As to the issue of lesser sanctions, the Court has considered whether lesser sanctions would be adequate, but, based on Plaintiff's demonstrated pattern of failing to cooperate with discovery (and Magistrate Judge Dancks' notation on June 6, 2018, that pretrial deadlines had to be adjourned because "little or no meaningful discovery has occurred to date due to plaintiff's failure to respond to discovery demands as ordered") the Court is not convinced that anything short of dismissal would address the issue of Plaintiff's non-compliance. (Text Order filed 6/8/18.)

Additionally, as to the willfulness of Plaintiff's conduct as required by Fed. R. Civ. P. 37(b)(2)(A), the Court finds that this factor weighs in favor of dismissal. As discussed above, Plaintiff was aware that he was required to provide discovery to Defendants and that there was a specific time line for that discovery. Plaintiff submitted his own discovery demands to Defendants, yet failed to provide responses to Defendants' discovery demands despite being explicitly directed to do so by the Court. Plaintiff has offered no explanation for this failure to provide discovery responses and the Court can see no evidence suggesting that this failure was due to circumstances outside of Plaintiff's control rather than willful conduct.

As a final matter, the Court notes that its decision to dismiss Plaintiff's Second Amended Complaint for failure to prosecute is in line with past decisions of this Court, in which a similar outcome was reached in similar circumstances, including against plaintiffs who proceeded *pro se*. *See Elliot v. ACCVB of NYS*, 17-CV-0355, 2017 WL 5956721, at *1-2 (N.D.N.Y. Dec. 1, 2017) (Suddaby, C.J.) (finding dismissal of *pro se* plaintiff's complaint warranted where [a] he failed to serve defendant for more than six months, [b] he received adequate notice through the *Pro Se* Handbook and Local Rules, of which he was provided a copy by the Court, as well as

11

through a reminder from the magistrate judge of his obligation to timely serve his complaint, [c] the delay prejudiced the defendant because it impacted the preservation of evidence, [d] the need to alleviate docket congestion outweighed plaintiff's right to a further chance to have his case heard, and [e] less drastic sanctions would be inadequate based on plaintiff's past conduct); *Inegbenebo v. Snyder*, 15-CV-1217, 2016 WL 6902139, at *3-4 (N.D.N.Y. Oct. 21, 2016) (Dancks, M.J.) (finding dismissal warranted where [a] plaintiff failed to take action for more than four months despite prodding from the court, [b] he was notified that failure to prosecute or follow the court's orders may constitute grounds for dismissal, [c] defendant might well be prejudiced by the significant delay in the ability to conduct discovery as a result of plaintiff's actions, [d] the need to alleviate congestion of the docket outweighed plaintiff's right to have his case proceed, and [e] less drastic sanctions would be inadequate under the circumstances) *adopted by* 2016 WL 6902158 (N.D.N.Y. Nov. 23, 2016) (Suddaby, C.J.); *Blot v. Town of Colonie*, 14-CV-0991, 2015 WL 13540286, at *2-3 (N.D.N.Y. June 25, 2015) (Suddaby, J.) (dismissing with prejudice the claims of *pro se* plaintiff where [a] the duration of plaintiff's failure was approximately six months, [b] she received adequate notice through the *Pro Se* Handbook and Local Rules, of which she was provided a copy by the court, as well as through notices from the court, [c] defendants were likely to be prejudiced by further delay due to the age of the case and the evidence, [d] the need to alleviate congestion of the docket outweighed plaintiff's right to have her case proceed further, and [e] less drastic sanctions would be inadequate based on plaintiff's past actions).

For the above reasons, the Court grants all three motions to dismiss pursuant to Fed. R. Civ. P. 41(b), or, in the alternative, Fed. R. Civ. P. 37(b)(2)(A).[1]

**ACCORDINGLY**, it is

**ORDERED** that the Physician Defendants' motion to dismiss (Dkt. No. 161) is **GRANTED**; and it is further

**ORDERED** that the St. Joseph's Defendants' motion to dismiss (Dkt. No. 163) is **GRANTED**; and it is further

**ORDERED** that Defendant Levine's motion (Dkt. No. 165) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 55) is **DISMISSED**.

Dated: October 25, 2018
    Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] Because the Court finds that dismissal is warranted for failure to prosecute and/or failure to comply with discovery rules and orders, it need not, and does not, reach Defendant Levine's alternative arguments as to the merits of Plaintiff's claims against him.